## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DECATUR HOSPITAL AUTHORITY,** | § | |
| **d/b/a WISE REGIONAL HEALTH** | § | |
| **SYSTEM** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 4:15-cv-922** |
| | § | |
| **v.** | § | |
| | § | |
| **AETNA HEALTH INC.** | § | |
| | § | |
| **Defendant.** | | |

### NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Aetna Health Inc. ("Aetna") files this Notice of Removal of Civil Action

brought against it by Plaintiff Decatur Hospital Authority, d/b/a Wise Regional Health System

("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1.     **Procedural Background.** On June 24, 2015, Plaintiff filed its Original Petition

(the "Complaint") against Aetna in the 271st Judicial District Court of Wise County, Texas,

under Cause No. CV15-06-431 (the "State Court Action").[1] A true and correct copy of Plaintiff's

Complaint is attached as Exhibit B.

2.     The Complaint did not affirmatively reveal on its face that this case was

removable.[2] To the contrary, the Complaint asserted that the lawsuit arose from Aetna's alleged

breach of a provider agreement with Plaintiff (herein, the "Agreement") because, according to

Plaintiff's Complaint, Aetna failed to pay medical claims as "required by the Agreement and

Texas law." *See* Complaint at p. 3 (Ex. B).

---

[1]     Pursuant to LR 81.1(a)(4)(C) of the Local Rules of the United States District Court for the Northern District of Texas, copies of all pleadings, motions, and other papers (except discovery material) filed in the State Court Action are attached to this Notice of Removal, as Exhibits A through G.

[2]     *See, e.g., Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

3.     The Complaint did not attach a list of medical claims that formed the basis for Plaintiff's lawsuit, nor could Aetna ascertain from the Complaint what medical claims formed the basis of Plaintiff's lawsuit. Rather, Plaintiff generally asserted that "it seeks monetary relief over $1,000,000" arising from "[d]amages attributable to Aetna's violation of the Agreement." *See* Complaint at pp. 2, 5 (Ex. B).

4.     Plaintiff also contended in its Complaint that it does not seek to recover "on any claims submitted by the Hospital on behalf of Medicare Advantage participants or beneficiaries. This case is therefore not removable because there is no federal court removal jurisdiction." *See* Complaint at p. 2 (Ex. B).

5.     On November 4, 2015, however, Plaintiff served its Objections and Answers to Defendant's First Set of Interrogatories, confirming for the first time in this lawsuit that Plaintiff was disputing the medical claims identified prior to this lawsuit "on or about June 22, 2015." Although Plaintiff's Complaint generally referenced a "pre-suit notice . . . on May 27, 2015," Plaintiff confirmed for the first time in the lawsuit on November 4 that medical claims identified in a different pre-suit notice actually formed the basis of its lawsuit.

6.     Plaintiff's identification of the disputed medical claims in its November 4, 2015 Interrogatory Answers makes it apparent that (contrary to the disclaimer in its Complaint) Plaintiff is disputing Aetna's denials of coverage on medical claims and expenses that Aetna did not reimburse because the services were not covered under the terms of participants' various medical plans, including plans governed by ERISA.[3] Therefore, although not originally removable, Plaintiff's identification of the medical claims at issue in its Interrogatory Answers served on November 4 establishes that Plaintiff is, in fact, asserting claims to recover ERISA

---

[3]     Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461.

plan benefits that Aetna denied, and at least some of Plaintiff's claims are based on challenges to Aetna's plan coverage determinations, which fall within the civil enforcement provisions of ERISA. Plaintiff's November 4 identification additionally establishes that Plaintiff is asserting claims to recover under benefit plans governed by FEHBA.[4] Therefore, this matter is now removable to federal court.

7. **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b)(3).** This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b)(3) because the State Court Action is being removed within the statutorily-allowed thirty (30) day period after Aetna received a copy of an amended pleading, motion, order or ***other paper*** from which it was first ascertained that the case is one which is or has become removable.[5] As set forth above, it was first ascertained that this case is removable from the other paper of Plaintiff's Objections and Answers to Defendant's First Set of Interrogatories on November 4, 2015.

8. **ERISA Complete Preemption Raises a Federal Question.** Plaintiff has asserted state law claims arising out of Aetna's alleged failure to reimburse Plaintiff's medical claims, and Plaintiff seeks to recover payment on those medical claims. Such medical claims were submitted under numerous and varied ERISA plans administered by Aetna or Aetna affiliates, including self-funded plans, and Plaintiff is, in fact, seeking to recover ERISA plan benefits based on challenges to Aetna's plan coverage determinations. As an assignee of its patients' rights to any plan benefits, Plaintiff could have brought its claims under the civil enforcement provisions of ERISA, and there is no other legal duty independent of ERISA or the ERISA plans' terms that is implicated by Aetna's alleged actions on these claims.

---

[4] Federal Employee Health Benefits Act of 1959, as amended, 5 U.S.C. §§ 8901-8913.

[5] 28 U.S.C. § 1446(b) (emphasis added).

9.      As such, Plaintiff has asserted state law claims that are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[6] Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e) and the matter is one that may be removed pursuant to 28 U.S.C. §1441(a) and controlling case law.[7]

10.     **The Federal Officer Removal Statute Confers Removal Jurisdiction.** Additionally, and in the alternative, this Court has jurisdiction because Plaintiff's claims in this lawsuit involve benefits available, if at all, under FEHBA, and the Federal Officer Removal Statute, 28 U.S.C. § 1442, confers removal jurisdiction over this lawsuit as against an "officer of the United States or any agency thereof, or person acting under him, for any act under color of such office."

11.     The requirements for removal of this lawsuit under 28 U.S.C. § 1442 are satisfied, as follows: (1) Aetna is a "person" within the meaning of the removal statute;[8]  (2) Aetna was acting under color of federal authority in providing administrative services for the FEHBA claims; and (3) express FEHBA preemption is a colorable federal defense to Plaintiff's allegations under 5 U.S.C. § 8902(m)(1). *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 396–97 (5th Cir. 1998). Thus, Aetna is entitled to have Plaintiff's claims heard in federal court pursuant to 28 U.S.C. § 1442(a).

---

[6]     *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987). A claim falls within the scope of 29 U.S.C. § 1132(a) and is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought the claim under ERISA, and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210. Both elements are satisfied here.

[7]     *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding state court action asserting only state law causes of action relating to alleged failure to pay a claim for benefits under an employee benefit plan constitutes a federal question and is removable to federal court).

[8]     The Fifth Circuit explained that "[w]e have previously held that corporate entities qualify as 'persons' under § 1442(a)(1)." *Winters*, 149 F.3d at 398.

12.    **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, Aetna will provide written notice of removal to Plaintiff and will file a copy of the Notice of Removal with the 271st Judicial District Court of Wise County, Texas, as provided by law. A true and correct copy of the Notice being filed with the 271st Judicial District Court of Wise County, Texas, is attached hereto as Exhibit G.

WHEREFORE, Aetna Health Inc. prays that the State Court Action be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

By:   s/John B. Shely
      JOHN B. SHELY
      Texas Bar No. 18215300
      *jshely@andrewskurth.com*
      DIMITRI ZGOURIDES
      Texas Bar No. 00785309
      *dzgourides@andrewskurth.com*
      MITCHELL A. REID
      Texas Bar No. 24037346
      *mreid@andrewskurth.com*
      ANDREWS KURTH LLP
      600 Travis, Suite 4200
      Houston, Texas 77002
      713.220.4200 Telephone
      713.220.4285 Facsimile

      **ATTORNEYS FOR DEFENDANT**
      **AETNA HEALTH INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and that a true and correct copy of this document was served on the following attorney of record by United States certified mail, return receipt requested, on December 4, 2015, as follows:

Jennifer Rudenick Ecklund
*Jennifer.Ecklund@tklaw.com*
Andrew Cookingham
*Andrew.Cookingham@tklaw.com*
Mackenzie S. Wallace
*Mackenzie.Wallace@tklaw.com*
Thompson & Knight, LLP
1722 Routh Street
1 Arta Plaza, Suite 1500
Dallas, Texas 75201

Derrick S. Boyd
*dboyd@sbplaw.com*
Simpson Boyd Powers & Williamson
105 North State Street,
Decatur, Texas 76234

s/John B. Shely
John B. Shely