# Exhibit B

CASE NO. CV15-06-431

| | | |
|---|---|---|
| DECATUR HOSPITAL AUTHORITY, D/B/A WISE REGIONAL HEALTH SYSTEM., | § § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | FOR THE 271st JUDICIAL DISTRICT |
| AETNA HEALTH INC., | § § | |
| *Defendant.* | § § | WISE COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff Decatur Hospital Authority d/b/a Wise Regional Health System (the "Hospital") files this its Original Petition and respectfully show the Court as follows:

**I.   DISCOVERY**

1. The Hospital requests that discovery be conducted under Rule 190.4 of the Texas Rules of Civil Procedure (Level 3).

**II.   PARTIES**

2. Plaintiff Decatur Hospital Authority d/b/a Wise Regional Health System is a Texas municipal hospital authority with its primary place of business in Wise County, Texas.

3. Defendant Aetna Health Inc. ("Aetna") is a Texas Corporation with its principal place of business in Houston, Texas. Aetna Health Inc. and its affiliates issue private health insurance policies to individuals who reside in or have obtained healthcare in Texas and has been designated to administer various employee health care plans by the terms of the instrument under which the plan is operated. Defendant may be served with process through its registered agent, CT Corporation, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

**FILED**
____ AM  3:01 PM

JUN 2 4 2015

PLAINTIFF'S ORIGINAL PETITION—PAGE 1

BRENDA ROWE
DISTRICT CLERK WISE COUNTY, TX
BY_____ DEPUTY

### III. JURISDICTION AND VENUE

4. Venue is proper in Wise County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county where all or a substantial part of the events or omissions giving rise to the Hospital's claims occurred.

5. In accordance with Texas Rule of Civil Procedure 47(c), the Hospital states that it seeks monetary relief over $1,000,000.

6. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

### IV. THIS CASE IS NOT REMOVABLE

7. The Hospital does not seek statutory penalties on any claims submitted by the Hospital on behalf of Medicare Advantage participants or beneficiaries. This case is therefore not removable because there is no federal court removal jurisdiction. *See Texas Health Res. v. Aetna Health Inc.*, No. 4:13-CV-1013-A, 2014 WL 553263, slip. op. at *15 (N.D. Tex. Feb. 12, 2014). Accordingly, any attempt by Aetna to remove this lawsuit to federal court would be improper. In the event that Aetna removes this lawsuit to federal court, the Hospital will file a motion to remand and will seek recovery of its attorneys' fees, as allowed by 28 U.S.C. § 1447(c).

### V. FACTS

8. The Hospital and Aetna are parties to a Managed Care Agreement (TXNORT\MCA 2.1 (11/97)) (the "Agreement") with an effective date of October 1, 1999. The Agreement governs all aspects of the Hospital's treatment of Aetna's members and Aetna's obligation to pay for the Hospital's services. The Hospital has treated Aetna members who are

covered by health benefit plans insured and/or administered by Aetna. The Hospital is an "in-network" provider to Aetna patients pursuant to the terms of the Agreement.

9. Chapters 843 and 1301 of the Texas Insurance Code provide the timeframe under which insurance companies must pay healthcare providers after receipt of clean claims. Texas law required Aetna to pay the Hospital within 30 days of receipt of a clean claim's electronic submission. Tex. Ins. Code §§ 843.338; 1301.103. Furthermore, Texas law provides for penalties to be paid to healthcare providers for failure by insurance companies like Aetna to pay for claims within the statutorily required deadlines. Tex. Ins. Code §§ 843.342; 1301.137. The Agreement also explicitly requires Aetna to pay the Hospital's claims within 45 days of receipt of an electronic claim.

10. The Hospital electronically submitted clean claims to Aetna for services that it provided to Aetna's members. Aetna paid the claims, but did not pay the claims at issue in this lawsuit within the time required by the Agreement and Texas law.

11. The Hospital provided pre-suit notice to Aetna of the claims for which the Hospital believes it is entitled to prompt pay penalties on May 27, 2015. The Hospital has provided a list of the claims at issue to Aetna's counsel prior to the filing of this Petition.

## VI. CLAIMS FOR RELIEF

### VIOLATION OF TEXAS INSURANCE CODE (§§ 843.342, 1301.137)

12. Paragraphs 1 through 11 are incorporated by reference.

13. The Hospital participates in Aetna's provider network under the terms of the Agreement, making the Hospital a preferred provider under Chapter 1301 of the Texas Insurance Code and a participating provider under Chapter 843 of the Texas Insurance Code.

14. The Hospital electronically submitted clean claims to Aetna within the time provided by the Agreement and Texas law.

15. Aetna paid the Hospital's clean claims at issue here, but did not do so within the time required by the Agreement and Texas law. Aetna's failure to pay certain of the Hospital's clean claims within 30 days violates Sections 843.342 and 1301.137 of the Texas Insurance Code. Aetna is therefore required to pay penalties and interest to the Hospital as set forth in those provisions.

16. As a result of Aetna's violation of Chapters 843 and 1301 of the Texas Insurance Code, the Hospital has been forced to incur attorney's fees and expenses to recover the penalties and interest specified above. The Hospital is entitled to recover its attorney's fees pursuant to Sections 843.343 and 1301.108 of the Texas Insurance Code.

17. The Hospital seeks, as a result of Aetna's violations of the Texas Prompt Pay Act found in Chapters 843 and 1301 of the Texas Insurance Code, statutory penalties, statutory interest, attorney's fees and costs.[1]

## BREACH OF CONTRACT

18. Paragraphs 1 through 17 are incorporated by reference.

19. The Hospital and Aetna entered into the Agreement described above. The Agreement explicitly requires Aetna to pay the Hospital's claims within 45 days of receipt if the Hospital submitted its claims to Aetna electronically.

20. The Hospital has fully complied with the terms of the Agreement by providing covered medical services to Aetna's members and submitting clean claims to Aetna for those

---

[1] The Hospital does not seek statutory penalties on any claims submitted by the Hospital on behalf of Medicare Advantage participants.

PLAINTIFF'S ORIGINAL PETITION—PAGE 4

services. Aetna failed to comply with the terms of that Agreement as to certain claims by failing to pay them within 45 days of their electronic submission.

21. The Hospital has suffered damages as a direct result of Aetna's failure to timely pay these claims in accordance with the deadlines included in the Agreement. The Hospital's damages include statutory penalties, statutory interest, attorney's fees, and costs.

### ATTORNEY'S FEES

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. The Hospital is entitled to recover its reasonable attorney's fees in connection with Aetna's violations of Texas Prompt Pay laws. Tex. Ins. Code Tex. Ins. Code §§ 843.343, 1301.108. Additionally, the Hospital is entitled to recover its reasonable attorney's fees on its breach of contract claim. Tex. Civ. Prac. & Rem. Code § 38.001(8).

### VII. CONDITIONS PRECEDENT

24. All conditions precedent have been performed or have occurred.

### VIII. PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Decatur Hospital Authority d/b/a Wise Regional Health System respectfully prays that Defendant Aetna Health Inc. be cited to appear and answer this Plaintiff's Original Petition, and that upon final trial and determination thereof, a judgment be entered in favor of the Hospital awarding the Hospital:

- Statutory penalties and interest under Texas Insurance Code §§ 843.342, 1301.137, and the applicable terms of the Agreement;
- Damages attributable to Aetna's violation of the Agreement;
- Costs and attorney's fees;
- Pre- and post-judgment interest;
- All other penalties and damages allowed by law; and

- Such other and further relief, at law or at equity, to which the Hospital may be justly entitled.

DATED:   June 24, 2015

Respectfully Submitted,

By _____

Jennifer Rudenick Ecklund
State Bar No. 24045626
Jennifer.Ecklund@tklaw.com

Andrew Cookingham
State Bar No. 24065077
Andrew.Cookingham@tklaw.com

Mackenzie S. Wallace
State Bar No. 24079535
Mackenzie.Wallce@tklaw.com

THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX: (214) 969-1751

AND:

Derrick S. Boyd
State Bar No. 00790350
dboyd@sbplaw.com

SIMPSON BOYD POWERS &
WILLIAMSON
105 North State Street,
Decatur, Texas 76234
Telephone: (940) 627-8308

COUNSEL FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED: Decatur Hospital Authority d/b/a Wise Regional Hospital v. Aetna Health, Inc.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Derrick S. Boyd
Email: dboyd@sbpplaw.com
Address: 105 N. State Street, Suite B
Telephone: 940-627-8308
City/State/Zip: Decatur, TX 76234
Fax: 940-627-8092
Signature: /s/
State Bar No: 00790350

### Names of parties in case:
Plaintiff(s)/Petitioner(s): WRHS
Defendant(s)/Respondent(s): Aetna Health, Inc.

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [ ] Attorney for Plaintiff/Petitioner
- [x] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract:
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [x] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health
- Probate/Wills/Intestate Administration
  - [ ] Dependent Administration
  - [ ] Independent Administration
  - [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000

# SIMPSON BOYD POWERS & WILLIAMSON

**Attorneys at Law**

| | | |
|---|---|---|
| 105 NORTH STATE STREET, SUITE B | 1119 HALSELL STREET | |
| P.O. BOX 957 | P.O. BOX 685 | |
| DECATUR, TEXAS 76234 | BRIDGEPORT, TEXAS 76426 | |
| TEL. 940-627-8308 FAX 940-627-8092 | TEL. 940-683-4098 | |
| Writer's Address | FAX 940-683-3122 | |

*† Michael A. Simpson
   Ross M. Simpson
** Derrick S. Boyd
   G. Alan Powers
*** Allen L. Williamson
    Kristy Pesnell Campbell
    Matthew W. Meyer

• Board Certified - Personal Injury Trial Law
  Texas Board of Legal Specialization
† Board Certified - Civil Trial Specialist
  National Board of Trial Advocacy
** Board Certified - Civil Trial
   Texas Board of Legal Specialization
*** Board Certified - Criminal Law
    Texas Board of Legal Specialization

June 24, 2015

**HAND DELIVERED**
Ms. Brenda Rowe
Wise County District Clerk
Wise County Courthouse
Decatur, Texas 76234

Re:  *Decatur Hospital Authority d/b/a, Wise Regional Health System v. Aetna Health Inc.*

Dear Ms. Rowe:

Enclosed herewith, please find original and two copies of the ***Plaintiff's Original Petition*** in the above referenced cause. Please file the original in the above-referenced cause, and file-mark said copies for return to our office.

We request that you prepare a citation for the following defendant:

Defendant Aetna Health, Inc. may be served on its registered agent as follows: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

Should you need anything further from our office please do not hesitate to call.

Very truly yours,

Cristal Zongoria
Legal Assistant

/cl
Enclosures

FILED
____AM  3:01  PM
JUN 24 2015
BRENDA ROWE
DISTRICT CLERK-WISE COUNTY, TX
BY_____ DEPUTY

www.sbplaw.com