# Exhibit E

CASE NO. CV15-06-431

| | | |
|---|---|---|
| **DECATUR HOSPITAL AUTHORITY, D/B/A WISE REGIONAL HEALTH SYSTEM,** | § § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| **v.** | § § | **FOR THE 271ST JUDICIAL DISTRICT** |
| **AETNA HEALTH INC.,** | § § § | |
| *Defendant.* | § | **WISE COUNTY, TEXAS** |

**DEFENDANT AETNA HEALTH INC.'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO**

Defendant Aetna Health Inc. ("Aetna") files this Motion to Transfer Venue and Original Answer Subject Thereto in response to Plaintiff's Original Petition filed by Plaintiff Decatur Hospital Authority, d/b/a Wise Regional Health System ("Plaintiff").

**I.
MOTION TO TRANSFER VENUE**

1. <u>Introduction</u>. Although Plaintiff filed this action in Wise County, none of the factual allegations in Plaintiff's Original Petition, even if true, would show that venue is proper in Wise County. In fact, under the general and permissive venue rules of the Texas Civil Practice and Remedies Code, Wise County is not a proper venue. Instead, Dallas County is a proper venue, and this action should be transferred there accordingly.

2. <u>Venue Is Not Proper In Wise County</u>. Under Texas Civil Practice and Remedies Code § 15.002(a), this suit can be bought in either: (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or (2) the county of a defendant's principal office in Texas.

3.    Aetna denies that all or a substantial part of the alleged events giving rise to this lawsuit occurred in Wise County. Plaintiff's claims in this lawsuit are based upon Aetna's alleged untimely payment of medical claims for benefits under the terms of certain health benefit plans, but the administration of the medical claims at issue did not occur in Wise County, Texas. Furthermore, the original petition does not allege that all or a significant part of the events or omissions that led to the alleged untimely payments occurred in Wise County, nor is Wise County the location of Aetna's principal offices in Texas.

4.    Aetna specifically denies any assertion or allegation in Plaintiff's Original Petition, if any, that would indicate venue is proper in Wise County. Plaintiff has, therefore, failed to establish venue in Wise County.

5.    <u>Venue Is Proper In Dallas County, Texas</u>. Aetna has its principal offices in Texas in Dallas County. Therefore, under the general and permissive venue rules, venue is proper in Dallas County, Texas, where, *inter alia*, a defendant's principal office is located.

6.    Alternatively, Dallas County is a proper venue to which this case should be transferred in the interests of convenience and justice, and the balance of interests of all parties predominates in favor of the action being brought in that county. Moreover, a transfer to Dallas County will not work a hardship or injustice on any party. Therefore, this case should be transferred to Dallas County under Texas Civil Practice and Remedies Code § 15.002(b).

## II.
## ORIGINAL ANSWER

7.    Subject to its motion to transfer venue, Aetna asserts a general denial pursuant to Texas Rule of Civil Procedure 92, reserving the right to amend its pleadings subsequently, and to present its special exceptions to Plaintiff's Original Petition, affirmative defenses, special denials, other pleas and defenses, and its own respective claims.

HOU:3583804.1

WHEREFORE, PREMISES CONSIDERED, Aetna prays that the Court transfer venue as requested herein and that upon final hearing the Court enter judgment that Plaintiff take nothing, and that Aetna be awarded its costs of court and such other and further relief to which it may be justly entitled.

Respectfully submitted,

ANDREWS KURTH LLP

By: _/s/ John B. Shely_ by permission /s/ MR

John B. Shely
State Bar No. 18215300
*jshely@andrewskurth.com*
Dimitri Zgourides
State Bar No. 00785309
*dzgourides@andrewskurth.com*
Mitchell A. Reid
State Bar No. 24037346
*mitchreid@andrewskurth.com*
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285

ATTORNEYS FOR DEFENDANT
AETNA HEALTH INC.

**CERTIFICATE OF CONFERENCE**

Pursuant to Rule 3.57 of the Local Rules of Court for Wise County, I certify that a conference was held on August 12, 2015, with Andrew Cookingham, attorney for opposing party, on the merits of this motion to transfer venue. Agreement could not be reached; therefore, it is presented to the Court for determination.

_/s/ Mitchell A. Reid_
Mitchell A. Reid

HOU:3583804.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Aetna Health Inc.'s Motion to Transfer Venue and Original Answer Subject Thereto was served upon counsel of record by email and certified mail, return receipt requested, on this 12th day of August, 2015.

>Jennifer Rudenick Ecklund
>*Jennifer.Ecklund@tklaw.com*
>Andrew Cookingham
>*Andrew.Cookingham@tklaw.com*
>Mackenzie S. Wallace
>*Mackenzie.Wallace@tklaw.com*
>THOMPSON & KNIGHT, LLP
>1722 Routh Street
>1 Arta Plaza, Suite 1500
>Dallas, Texas 75201
>
>AND
>
>Derrick S. Boyd
>*dboyd@sbplaw.com*
>SIMPSON BOYD POWERS & WILLIAMSON
>105 North State Street,
>Decatur, Texas 76234

ATTORNEYS FOR PLAINTIFF

_____
Mitchell A. Reid