IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DECATUR HOSPITAL AUTHORITY, D/B/A WISE REGIONAL HEALTH SYSTEM, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:15-CV-922-A |
| AETNA HEALTH INC., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by plaintiff, Decatur Hospital Authority d/b/a Wise Regional Health System, and the response of defendant, Aetna Health Inc. Having considered plaintiff's motion, defendant's response, plaintiff's reply and supplemental appendix, the record, and applicable authorities, the court concludes that such motion should be granted.

I.

Background

A.   Plaintiff's State Court Pleading

Plaintiff initiated this action on June 24, 2015, by filing an original petition in the District Court of Wise County, Texas, 271st Judicial District. Plaintiff claims that defendant did not timely pay certain claims as required by law.

B. <u>The Removal to This Court</u>

On December 4, 2015, defendant removed this action alleging that this court has subject matter jurisdiction by reason of federal question under 28 U.S.C. § 1331. The basis for federal question jurisdiction is that plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). In addition, defendant argues that the court has jurisdiction by virtue of the Federal Employee Health Benefits Act ("FEHBA") and the Federal Officer Removal Statute.

C. <u>The Motion to Remand</u>

Plaintiff contends that removal is inappropriate, because (1) the court does not have subject matter jurisdiction over the action based on plaintiff's claims being completely preempted by ERISA; (2) defendant is not entitled to Federal Officer Removal jurisdiction; and (3) defendant did not timely remove the action.

II.

<u>Legal Principles of Removal</u>

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

(continued...)

2

burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Removing Defendants assert federal question jurisdiction pursuant to 28 U.S.C. § 1331. Under § 1331, this court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removing Defendants allege federal question jurisdiction arising under ERISA, FEHBA, and the Federal Officer Removal Statute.

---

[1](...continued)
defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

3

III.

Analysis

Both parties make persuasive arguments on the issue of whether this court has subject matter jurisdiction. However, the court has decided that it does not need to resolve that issue. The court has concluded that even if subject matter jurisdiction exists, the action should be remanded because defendant did not timely remove it.

Section 1446(b) of Title 28 of the United States Code requires that "notice of removal shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claims for relief upon which [the] action . . . is based" or where removal is not proper based on the initial pleading but the action later becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Defendant, which was served with plaintiff's state court pleading on June 30, 2015, argues that it is within the thirty-day time period for removal because plaintiff first put it on

notice of the facts that it contends caused this action to be removable through answers to interrogatories, which confirmed for the first time that the claims forming the basis of this action included claims based on ERISA and FEHBA. Doc.[2] 1 at 2-3; Ex. C. The court disagrees. On May 27, 2015, plaintiff sent a pre-suit notice to defendant regarding the claims at issue in this action. Doc. 1 Ex. B at 3; Doc. 7 at 1-2. Plaintiff's state court pleading explicitly references the May 27, 2015 pre-suit notice and states in reference to the notice that "[t]he Hospital has provided a list of the claims at issue to Aetna's counsel prior to the filing of this Petition." Doc. 1 Ex. B at 3.

The answers to the interrogatories upon which defendant is basing the timeliness of the removal in relevant part state that the claims at issue are listed in "the spreadsheet served on its counsel on or about June 22, 2015." Doc. 10 Ex. A-2 at A0009. The May 27, 2015 pre-suit notice directed defendant to contact counsel for plaintiff to provide "a detailed list of claims at issue. . ." Doc. 17 at Ex. A-1 Supp. App. 3. On June 19, 2015, counsel for defendant contacted counsel for plaintiff asking for "the claims data for the medical claims referenced in your letter to Aetna of May 27, 2015." Doc. 17 at Ex. A-2 Supp. App. 6. On

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-922-A.

June 22, 2015, counsel for plaintiff responded with the claims list mentioned in the May 27, 2015 pre-suit notice. Doc. 17 at Ex. A-2 Supp. App. 6. In addition, the pre-suit notice mentions the possibility that some of the claims may deal with a payment arrangement that included ERISA and FEHBA. Doc. 17 at Ex. A-1 Supp. App. 3.

The court is satisfied that the reference in plaintiff's state court pleading to the May 27, 2015 pre-suit notice and the list of claims provided to counsel for defendant, put defendant on notice of the claims at issue in this action. The answers to the interrogatories provided defendant with no new information upon which it could base a claim to a right to timely remove this action. Thus, defendant has failed to establish that this action was timely removed.

IV.

Order

Therefore,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED February 19, 2016.

_____
JOHN McBRYDE
United States District Judge

6