

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DECATUR HOSPITAL AUTHORITY, | § | |
| D/B/A WISE REGIONAL HEALTH | § | |
| SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-922-A |
| | § | |
| AETNA HEALTH INC., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is the motion of plaintiff, Decatur Hospital Authority, d/b/a Wise Regional Health System, for an award of attorneys' fees under the authority of 28 U.S.C. § 1447(c). After having considered plaintiff's motion, the response thereto of defendant, Aetna Health, Inc., pertinent parts of the record of this action, and applicable legal authorities, the court has concluded that attorneys' fees should be awarded in favor of plaintiff against defendant as authorized by § 1447(c) and that an award of $14,500.00 is an appropriate one.

The relevant background and the reasons why the court ordered this action remanded to state court are set forth in the memorandum opinion and order the court issued in the above-

captioned action on February 19, 2016.  Doc. 18.[1]  There is no
need for the court to repeat those details in this memorandum
opinion and order.  Simultaneously with issuance of the order and
judgment of remand to state court, the court issued an order
authorizing plaintiff to file a formal motion asking the court to
award it fees and costs it incurred that would not have been
incurred had the above-captioned action not been removed from
state court.  Doc. 20.  The motion plaintiff filed pursuant to
that authorization is the one now under consideration.  Doc. 22.

The grounds of plaintiff's motion to remand were that (1)
this court did not have subject matter jurisdiction over the
action and (2) defendant's notice of removal was untimely.  Doc.
7 at 1.  While the court considered both grounds before ordering
that the case be remanded, the court decided that it did not need
to resolve the subject matter jurisdiction issue because the
record established that defendant did not timely remove the
action.  Doc. 18 at 4.  Plaintiff's motion for attorneys' fees
likewise limits its discussion to the timeliness issue, arguing
that defendant "had no objectively reasonable basis on which to
remove this action, as the deadline for removal had already long
since passed . . . ."  Doc. 22 at 2.  Accordingly, the court is

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:15-CV-922-A.

limiting its discussion as to the appropriateness of an award of attorneys' fees to the issue of whether defendant had an objectively reasonable basis for a conclusion that its removal was timely.

As the Fifth Circuit reminded in American Airlines, Inc. v. Sabre, Inc., the test for evaluating propriety of an award of attorneys' fees under § 1447(c) is whether "the removing party lacked an objectively reasonable basis for seeking removal." 694 F.3d 539, 542 (5th Cir. 2012). The Fifth Circuit, quoting from Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (5th Cir. 2005), added that considerations that led to the adoption of that test include:

> the desire to deter removals sought for the purpose of
> prolonging litigation and imposing costs on the
> opposing party, while not undermining Congress' basic
> decision to afford defendants a right to remove as a
> general matter, when the statutory criteria are
> satisfied.

Am. Airlines, Inc., 694 F.3d at 542 (5th Cir. 2012)(internal quotation mark omitted). "A defendant's subjective good faith belief that removal was proper is insufficient to establish that the district court abused its discretion in awarding attorney's fees under Section 1447(c)." Id. at 542 n.2.

Defendant was served with plaintiff's state court pleading on June 30, 2015. If that pleading put defendant on notice of

the facts that would authorize removal of the action, defendant

had thirty days thereafter within which to remove the action.   In

pertinent part, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding
> shall be filed within 30 days after the receipt by the
> defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based. . . .
>
> .  .  .  .
>
> [I]f the case stated by the initial pleading is not
> removable, a notice of removal may be filed within 30
> days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be
> ascertained that the case is one which is or has become
> removable.

28 U.S.C. § 1446(b)(1) & (3).

Defendant maintains that the (b)(3) "other paper" part of

§ 1446(b) controls, arguing that the initial pleading did not

disclose that the action was removable, and that plaintiff's

answers to interrogatories, which defendant received on

November 4, 2015, was the "other paper" from which defendant was

first able to ascertain that this case was, or had become,

removable.  Doc. 9 at 2-3.

The court is no more persuaded by defendant's timeliness

argument now than it was when it ordered the action remanded to

state court.

4

On May 27, 2015, plaintiff, through counsel, sent defendant a letter informing defendant of the nature of its claims, and advising defendant that if defendant needed more information plaintiff's counsel would, upon request, "provide you with a detailed list of the claims at issue and the penalty Aetna owes to date on each claim." Doc. 17 at Supp. App. 1-4.   On June 19, 2015, counsel for defendant requested plaintiff's counsel to provide "the claims data for the medical claims referenced in your letter to Aetna of May 27, 2015." <u>Id.</u> at Supp. App. 2 & 6. Plaintiff's counsel responded on June 22, 2015, by providing defendant's counsel the requested claims list.   <u>Id.</u> at Supp. App. 2 & 6.

Plaintiff could not have been more specific in the state court pleading it filed June 24, 2015, in identifying the claims at issue.   It alleged that:

> 11.   The Hospital provided pre-suit notice to Aetna of the claims for which the Hospital believes it is entitled to prompt pay penalties on May 27, 2015. <u>The Hospital has provided a list of the claims at issue to Aetna's counsel prior to the filing of this Petition.</u>

Doc. 1, Ex. B at 3, ¶ 11 (emphasis added).

The "other paper" that plaintiff says caused it to first ascertain that this case is one that was removable was a set of interrogatory answers served by plaintiff on defendant on

November 4, 2015.  Doc. 10 at A0003, ¶ 5 & A0007-A0010.
Interestingly, the interrogatory responses that defendant claims
caused it to be aware that the case was removable provides it no
more information than plaintiff provided to defendant by the
allegations in paragraph 11 of its state court pleading.  In each
of the interrogatory responses calling upon plaintiff to provide
a list of the claims that form the basis of plaintiff's cause of
action, plaintiff responded "Wise Regional refers Defendant to
the spreadsheet served on its counsel on or about June 22, 2015."
Id. at A0009 (responses to interrogatories 1 & 2)(emphasis
added).

     Thus, plaintiff's initial pleading disclosed on its face, by
specific reference to a list previously provided by plaintiff to
defendant, the facts upon which defendant says it relied in
deciding to remove this action to federal court approximately six
months after it had been served with the state court pleading.
Defendant's contention that it first ascertained from the
interrogatory answers that the case is one that was removable
borders on being absurd considering that the state court pleading
of plaintiff provided defendant exactly that same information.  The
court finds and concludes that defendant lacked an objectively
reasonable basis for seeking removal of this action almost five
months after expiration of the thirty-day deadline for removal.

The court is not persuaded that either of the court decisions upon which defendant relies.  The first, Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992), involved a removal from state court to federal court based on diversity of citizenship jurisdiction.  The plaintiff did not plead for a specific amount of damages in his state court pleading.  The defendant was served with process, including a copy of the state court pleading, on July 10, 1990.  On August 17, 1990, the plaintiff served on defendant answers to interrogatories, stating that he had suffered damages in excess of $800,000.00.  Ten days after receiving the answers, the defendant filed a notice of removal.  The plaintiff moved to remand, contending that the notice of removal was not timely filed.  The Fifth Circuit held that the notice of removal was timely filed because the interrogatory answers constituted an "other paper" from which the defendant learned for the first time that the case was removable. In the course of its opinion, the Fifth Circuit concluded

> that for the purposes of the first paragraph of
> § 1446(b), the thirty day time period in which a
> defendant must remove a case starts to run from
> defendant's receipt of the initial pleading only when
> the pleading affirmatively reveals on its face that the
> plaintiff is seeking damages in excess of the minimum
> jurisdictional amount of the federal court.

Chapman, 969 F.2d at 163.

From the rule expressed in <u>Chapman</u>, the inference can be drawn that the thirty-day time period for removal on the basis of federal question jurisdiction starts to run from the date of the defendant's receipt of the initial pleading only when the pleading affirmatively reveals on its face the facts upon which the defendant relies for its contention that federal question jurisdiction exists.   Applying that principle to the instant action, the court concludes that plaintiff's initial state court pleading did affirmatively reveal on its face the facts upon which defendant relies for its contention that federal question jurisdiction exists.   That is so because plaintiff affirmatively pleaded that it previously had provided to defendant's counsel a list of the claims at issue.   In other words, plaintiff, in effect, adopted by reference in its state court pleading the list that it previously had provided to defendant's counsel.   That same list contained the very information that defendant now argues caused it to understand when it received the interrogatory answers in November 2015 that it had basis for contending that this court had federal question jurisdiction.

The other case upon which defendant relies is the district court decision in <u>Argenbright v. Zix, Corp.</u>, No. 3:04-CV-1061-H, 2004 WL 1732482 (N.D. Tex. Aug. 3, 2004).   <u>Zix</u> was a federal question case.   The issue was whether the notice of removal was

8

timely filed.  The district court noted that "Plaintiff's
Original Petition did not contain a federal question on its face"
and "[i]ndeed . . . lacked any information" that would suggest
existence of a federal question.  Id. at *3.  In contrast to the
plaintiff's petition in Zix, the petition in the instant action
did not lack information bearing on federal question
removability.  Instead, the petition here made specific reference
to the list of claims upon which defendant relies as disclosing
to it that federal question jurisdiction exists.

        For the reasons given above, the court has concluded that an
award of attorneys' fees should be made against defendant in
favor of plaintiff under the authority of 28 U.S.C. § 1447(c).
After having considered the presentations of the parties on the
proper amount to be awarded as attorneys' fees, the court has
concluded that an award of attorneys' fees in favor of plaintiff
against defendant of $14,500.00 would be appropriate to
compensate plaintiff for the additional fees it incurred by
reason of the removal of this action from state court.

        In reducing the $17,337.00 amount sought by plaintiff to
$14,500.00, the court has used a per-hour level of compensation
more consistent with charges the court would expect attorneys in
the Fort Worth area to make for the work done by plaintiff's
counsel, and the court has made adjustments to eliminate the

effect of what appear to be certain duplicative activities of plaintiff's counsel.   In addition, in arriving at the $14,500.00 to be awarded, the court has taken into consideration, and given effect to, all of the other factors that are to be taken into account in determining the proper amount to be awarded as attorneys' fees.

Therefore,

The court ORDERS that plaintiff have and recover from defendant $14,500.00 as attorneys' fees.

SIGNED March 7, 2016.

JOHN McBRYDE
United States District Judge